IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PHILLIP ALEXANDER,

    Petitioner,

v.                                                                 CASE NO. 1:11-cv-154-MP-GRJ

SECRETARY, DEPT.
OF CORRECTIONS,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Doc. 1. Respondent filed a response and an appendix with relevant portions of the state-court record, Doc. 10. Petitioner filed a reply, Doc. 14. Petitioner also filed an addendum to his reply, which the Court has considered despite the fact that Petitioner was not granted leave to file it. Upon due consideration of the Petition, the response, the reply and addendum, and the state-court record, the undersigned recommends that the Petition be denied.[2]

## Summary of State-Court Proceedings

Petitioner was charged with one count of incest, one count of unlawful sexual activity with certain minors, and three counts of possession of child pornography. He

---

[1] Because Petitioner is an inmate in the custody of the Florida Department of Corrections (DOC), the Secretary of the DOC is the state officer who has custody of Petitioner, and therefore the Secretary is properly named by his official title as the Respondent in this case. *See* Fed. R. Civ. P. 17(d); Rule 2, Rules Governing Habeas Corpus Petitions under § 2254. The **Clerk** is directed to correct the docket accordingly.

[2] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

pleaded nolo contendere to each of the charges against him in open court on May 5, 2010. (Respondent's Exhibit (hereafter "Ex.") B at 15-19.) After his plea was entered and accepted by the court, he was sentenced to five yeas of incarceration on count one, fifteen years on count two concurrent to count one, fifteen years on count three concurrent to counts one and two, and fifteen years each on counts four and five, to run consecutive to counts one, two, and three. (Ex. B at 83-84; 57-68.) Petitioner did not appeal.

Petitioner sought relief pursuant to Fla. R. Crim. P. 3.850. He filed his first Rule 3.850 motion on October 5, 2010. (Ex. B at 1-14.) This motion did not have an oath, and therefore the state court dismissed the motion without prejudice. (Ex. C.) Petitioner re-filed the motion on October 19, 2010. (Ex. B at 23-34.) The motion was denied by the state court on January 10, 2011. (Ex. B at 43-47.) Petitioner appealed the denial of his motion. (Ex. B at 86-87.) On appeal, the First DCA affirmed without opinion on May 9, 2011. (Exs. D, E; *Alexander v. State*, 61 So. 3d 1114 (Fla. 1st DCA 2011)(unpublished.)) The instant federal habeas petition, which Respondent concedes is timely, followed on July 18, 2011. (Doc. 1.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To

properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306.

## Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011); see § 2254(e) (1). "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___

U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them.") *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue.)

"Under § 2254(d)(1)'s 'contrary to' clause, we grant relief only 'if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.' " *Jones v. GDCP Warden*, ___ F.3d ___, 2014 WL 1088312, at *10 (11th Cir. 2014) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)). For § 2254(d)(1), clearly established federal law includes

only the holdings, not the dicta of Supreme Court decisions. *White v. Woodall*, ___ U.S. ___, 134 S.Ct. 1697, 1702 (2014). "Under § 2254(d)(1)'s 'unreasonable application' clause, we grant relief only 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.' " *Jones*, 2014 WL 1088312, at *10 (alteration in original) (quoting *Williams*, 529 U.S. at 413). The Supreme Court has interpreted § 2254(d) as requiring that, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, ___U.S. ___, 131 S.Ct. 770, 786–87 (2011). "[A]n 'unreasonable application' of [Supreme Court] holdings must be 'objectively unreasonable,' not merely wrong; even 'clear error' will not suffice." *Woodall*, 134 S.Ct. at 1702. In other words, Petitioner must establish that no fairminded jurist would have reached the Florida court's conclusion. *See Richter*, 131 S.Ct. at 786–87; *Holsey v. Warden, Ga. Diagnostic Prison*, 694 F.3d 1230, 1257–58 (11th Cir.2012). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S.Ct. at 786.

    In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable." *Gill*, 133 F.3d at 1290.

## **Ineffective Assistance of Counsel**

Because most of Petitioner's claims allege ineffective assistance, a review of the applicable law is necessary.  Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686.  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).  "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."  *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).  There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001).  "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc).  "No lawyer can be expected to have considered all of the ways [to provide effective assistance]."  *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other
> reasonable courses of defense (that the lawyer did not think of at all)
> existed and that the lawyer's pursuit of course A was not a deliberate

> choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

Further, in the guilty plea context, to show prejudice Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The requirement of a showing of prejudice in the guilty-plea context serves "the fundamental interest in the finality of guilty pleas." *Id*. at 58. The inquiry as to whether a reasonable probability exists that a defendant would have insisted on going to trial "should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 60 (quoting *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir. 1984)).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme

Court.  28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law."  *Harrington*, 131 S.Ct. at 785 (quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  *Id*.  So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied.  *Id*.  Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted.  *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one."  *Id.* at 788.  When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard."  *Id*.  Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

*Case No: 1:11-cv-154-MP-GRJ*

***Claim One: Ineffective assistance - Failure to Investigate***

Petitioner contends that his trial counsel rendered ineffective assistance by failing to investigate his case prior to advising him to enter a plea. (Doc. 1, p. 4.) Petitioner raised this claim as ground one of his 3.850 motion. (Ex. B at 26, 31.) In support of his argument that counsel was ineffective, Petitioner points to his petition to enter plea in the state court, on the last page of which, entitled "Certificate of Counsel," his attorney initialed next to a statement that provided "Because the Defendant wishes to accept the state's plea offer, with the Defendant's agreement, I have not fully investigated his/her case nor talked to all of the witnesses." (Ex. B at 39.) However, despite his assertion that his counsel did not fully investigate his case, Petitioner does not state what would have changed in his case if his attorney had more fully investigated.

In rejecting this claim on postconviction review, the state court reasoned:

Defendant alleges that trial counsel was ineffective for failing to investigate his "actual innocence" prior to advising him to enter a plea. Based on the record, it is unclear how counsel could have investigated Defendant's "actual innocence." Defendant has consistently admitted to committing the charged offenses . . . Furthermore, during the entry of the plea, counsel clearly advised Defendant that she had not fully investigated the case . . . And, Defendant indicated that he was satisfied with counsel's representation . . . Because Defendant has not shown either error by counsel or manifest injustice, his claim is without merit.

(Ex. B, at 45.) The First DCA affirmed *per curiam* without opinion. (Ex. E.)

In the face of her client's desire to enter a plea and his representations that he was satisfied with his counsel to the state court, it cannot be said that counsel's failure to investigate Petitioner's case more fully was deficient performance. Petitioner was clearly advised that his counsel had not fully investigated his case, and Petitioner stated

that he still desired to enter a plea to the court.  (Ex. B at 71-72.)

Furthermore, Petitioner does not even make an argument regarding how the outcome of his case would be different had counsel completed a full investigation, thereby failing to show any prejudice whatsoever.  Conclusional, unsupported assertions that counsel was ineffective are insufficient to support a claim for federal habeas relief.  On this record, Petitioner has failed to show that the state court's rejection of this ineffective-assistance claim was "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt*, ___ U.S. ___, 2013 WL 5904117, *4.  Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

### *Claim Two: Ineffective assistance - Failure to Present Mitigating Evidence*

Petitioner contends that his trial counsel rendered ineffective assistance in failing to present dur9ing sentencing mitigating factors such as his lack of prior criminal history, his age, poor health condition, excellent work record, and being a person who helps the community.  (Doc. 1.)  In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failing to present mitigation evidence at sentencing.  This claim is conclusively refuted by the record.  During sentencing, counsel presented evidence regarding Defendant's age (67 years old); health problems; retirement from the Navy; and lack of prior criminal history to the court.  Accordingly, this claim is without merit.

(Ex. B at 45.) (Citations omitted.)  The First DCA affirmed *per curiam* without opinion. (Ex. E.)

It is clear from the record that Petitioner's counsel did in fact mention several of

the factors that Petitioner now argues she should have presented to the Court. Petitioner's counsel advised the Court about the medications that he was taking for his health problems, she brought to the Court's attention that the Petitioner had retired from the Navy, and made the Court award of the Petitioner's advanced age. (Ex. B at 70; 78; 82.) Counsel cannot be ineffective for failing to do something that she actually did.

Lastly, none of the additional factors Petitioner alleges should have been presented, such as being "a person who helps the community," were necessary because these factors are not included in the "Reasons for Departure - Mitigating Circumstances" section of the sentencing scoresheet. (Ex. B at 42.) Furthermore, Petitioner was given an opportunity to be heard during his sentencing, but declined to mention any of the factors he now says counsel should have presented. Lastly, Petitioner's assertion that he would have received a different sentence had his counsel presented additional information regarding his work record and information suggesting he was "a person who helps the community" are conclusory and unsubstantiated. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court, and thus this claim due to be denied.

***Claim Three: The Sentence Should Have Been Imposed Concurrently***

Petitioner contends in ground 3 of his petition that his sentences for each count should have been imposed concurrently "because Defendant's charges involved one overall conduct." He further argues that "the offenses are based upon one criminal element, not five," and that the state charged Petitioner "outrageously" because there

was only one victim.  (Doc. 1 at 5.)

Petitioner raised this ground in his rule 3.850 motion, but the heading under which this claim could be found was titled "That The Sentences of the Court were Imposed in Violation of the Sixth Amendment of the United States Constitution to be Represented by Effective Assistance of Counsel."  Thus, Petitioner raised this claim in the context of an ineffective assistance claim, and not as a freestanding claim as he does now.

Respondent asserts that this claim is unexhausted because Petitioner never presented it as a freestanding claim, and thus the claim is due to be denied.  Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999.)  To satisfy the exhaustion requirement of federal habeas claims, a prisoner must first "fairly present" his claim to each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct the alleged violations of its prisoners federal rights".  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). *Picard v. Connor*, 404 U.S. 270 (1971.)

Here, the Court concludes that Petitioner has not exhausted this claim because he did not present to the state court a freestanding claim that his sentences should have been imposed concurrently.  Rather, he presented this claim in the context of an

ineffective assistance claim.  Accordingly this claim is unexhausted.

As discussed above, Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Bailey*, 172 F.3d at 1302, 1306.  A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010).  Petitioner makes no argument that he can establish cause and prejudice to overcome the default, and to the extent Petitioner is attempting to assert a claim of actual innocence in order to escape the procedural bar of his claim, he is unable to do so.  To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995.)  Petitioner alleges no new evidence to justify his claim of actual innocence, and furthermore, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390 (1993).  Petitioner has not raised a claim of any newly discovered evidence, and even assuming, *arguendo*, that Petitioner could raise a freestanding newly discovered evidence claim, it would fail because the he cannot show an independent constitutional violation which is "contrary to" or an "unreasonable application of" clearly established federal law.

Even assuming, however, that this claim was not procedurally defaulted, there is no basis for federal habeas relief on the merits of the claim.[3]

In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that his sentences should have been imposed concurrently because his charges involve "one overall conduct." Defendant's offenses took place at different times over the course of a year . . . They were not a part of "one overall conduct." Accordingly, this claim is without merit.

(Ex. B at 45-46.)

Petitioner's freestanding claim that his sentences should have been imposed concurrently is a matter of state, not federal, law. Fla. Stat. Ann. § 921.16 provides, in relevant part, that "A defendant convicted of two or more offenses charged in the same indictment, information, or affidavit or in consolidated indictments, informations, or affidavits shall serve the sentences of imprisonment concurrently unless the court directs that two or more of the sentences be served consecutively. Fla. Stat. Ann. § 921.16 (West). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.")

Accordingly, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law, and should be denied.

---

[3] Pursuant to 28 U.S.C. § 2254(b)(2), a habeas petition may be denied on the merits, notwithstanding Petitioner's failure to exhaust state court remedies.

### *Claim Four: The Sentence Imposed Violated the Negotiated Plea Deal*

In ground four, Petitioner alleges that "the sentence imposed violated Defendant's negotiated plea to ten years imprisonment which was part of the plea agreement." In rejecting this claim on post-conviction review, the state court wrote:

> Defendant alleges that the sentence imposed violates Defendant's negotiated plea to ten (10) years imprisonment. The record conclusively refutes this claim. Defendant knowingly and voluntarily entered an open plea to the court . . . And, Defendant was aware that by doing so the court could sentence him to up to sixty-five (65) years imprisonment in the Department of Corrections. He fails to show either error by counsel of manifest injustice. Accordingly, this claim is without merit.

(Ex. B at 46.)

It is evident from the record that Petitioner was aware the offenses he was pleading to carried penalty of up to sixty-five years imprisonment. His counsel asked him during the plea colloquy "Do you understand that together you face up to 65 years in the Department of Corrections and/or a 45,000 dollar fine?" and Petitioner answered "Yes, ma'am." (Ex. B at 71.)

Petitioner executed a "plea agreement," which stated that Petitioner was tendering an open plea to the Court, and that he requested 10 years imprisonment in connection with that plea. (Ex. B at 55.) This statement in the plea agreement was a "request" and not an agreement as Petitioner now represents. Indeed, during his plea hearing, Petitioner's counsel stated that the state had offered Petitioner a plea deal of twenty years imprisonment, Petitioner did not wish to accept the twenty years and rather preferred to enter an open plea, with the understanding that while he was requesting ten years imprisonment in connection with his plea, he could be sentenced up to sixty-five years imprisonment. *Id*.

Accordingly, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of, federal law.

### *Claim Five: Ineffective assistance - Failing to Object to the Sentence Imposed*

Lastly, Petitioner contends that his counsel should have objected to the sentence imposed because it violated the plea agreement. However, as discussed above, the sentence did not violate Petitioner's plea agreement. Petitioner declined to accept the state's plea offer of twenty years, instead preferring to tender an open plea to the court with a request of ten years imprisonment. Petitioner was clearly advised by his counsel that he could be sentenced up to sixty-five years imprisonment in connection with his plea. His sentence was well below that maximum. Therefore, there were no grounds for counsel to object to the sentence imposed. On this record, Petitioner cannot show that his counsel was deficient, or that he was prejudiced. Accordingly, Petitioner is not entitled to federal habeas relief on this claim.

### **Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of

appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. The petition for writ of habeas corpus (Doc. 1) should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**, at Gainesville, Florida, this 9th day of June 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.